NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATHAN ABED,

Plaintiff-Appellee,

v.

VYAIRE MEDICAL, INC.,

Defendant-Appellant.

No.   23-55273

D.C. No. 8:21-cv-01012-JVS-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 26, 2024
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Jonathan Abed sued his former employer Vyaire Medical, Inc. for not paying

him a bonus that he claims he earned.  Vyaire responds that Abed had to remain at

his position at the time the bonus was issued and that he did not do so.   The district

court granted summary judgment for Abed at the eve of trial.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under 28 U.S.C. § 1291 and review summary judgments de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We affirm in part, reverse in part, vacate the judgment, and remand for a recalculation of plaintiff's recovery consistent with this memorandum disposition.

Abed was eligible for Vyaire's "Management Incentive Plan" (MIP), a compensation program that allowed employees to earn annual bonuses. His employment agreement noted that the MIP was subject to a continued employment provision under which Abed would receive his bonus only if he remained employed by Vyaire on the date of payout.

In June 2020, Vyaire replaced the MIP with two new incentive plans: the annual "Vyaire Incentive Plan" (VIP), which spanned the fiscal year, and the "Bold Vyaire Special Bonus Plan" (Bold Plan), a one-time COVID-19 incentive program running from April to September 2020. As part of the plan rollouts, Vyaire sent several documents to Abed about the VIP and Bold Plan, none of which referenced a continued employment provision. Vyaire later disclosed the governing incentive plan documents to employees in July 2020 (for VIP) and October 2020 (for the Bold Plan).

Abed left Vyaire in November 2020. After receiving neither his VIP nor Bold Plan bonus, he sued. Abed claims that Vyaire's June 2020 actions and communications created unilateral contracts without continued employment

2

provisions, which Vyaire breached by not paying his bonuses. Vyaire disputes the existence of these contracts. The parties also contest the unconscionability of the VIP and Bold Plan's purported continued employment provisions. On the first day of trial, the district court *sua sponte* entered summary judgment for Abed, determining that the unilateral contracts existed but that their continued employment provisions were unenforceable as unconscionable.

1. <u>Abed is entitled to the bonuses under the unilateral contracts, which did not include continued employment provisions</u>. Under California law, a unilateral contract is created when an "offer is accepted by rendering a performance." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 785 (9th Cir. 2012). Employment policies—and bonus plans—adopted by employers can constitute unilateral offers. *See Asmus v. Pacific Bell*, 23 Cal. 4th 1, 10 (2000). These offers become binding unilateral contracts "when the employee begins performance," often in the form of continued employment. *Lucian v. All States Trucking Co.*, 116 Cal. App. 3d 972, 976 (1981).

Vyaire's actions to roll out its VIP and Bold Plan in June 2020—and Abed's later performance that same month—created unilateral contracts without continued employment provisions. Vyaire argues that Abed should have understood the VIP and Bold Plan to include continued employment provisions because Abed was on actual notice of the MIP's continued employment provision. But as the district court

correctly concluded, the VIP and Bold Plan were new programs distinguishable from the MIP. Vyaire also contends that the VIP and Bold Plan's governing incentive plan documents included continued employment provisions. But those documents were not available when Vyaire introduced the programs and Abed commenced performance, and thus are not part of the unilateral contracts. *Lucian*, 116 Cal. App. 3d at 976. We affirm the district court's determination that the VIP and Bold Plan bonuses are due to Abed under enforceable unilateral contracts that did not include continued employment provisions.[1]

2. <u>Vyaire did not willfully fail to pay Abed's wages</u>. An employer that "willfully fails to pay" wages upon an employee's termination is liable for statutory penalties. Cal. Lab. Code § 203(a). "Willful failure" includes instances where "an employer intentionally fails to pay wages to an employee when those wages are due"—but does not include instances where an employer maintains "a good faith dispute that any wages are due." 8 C.C.R. § 13520. A good-faith dispute includes any "defense, based in law or fact which, if successful, would preclude any recovery" by the employee, even if that defense is ultimately unsuccessful. *Id*. But it does not include defenses that "are unsupported by any evidence, are unreasonable, or are presented in bad faith." *Id*.

---

[1] Because the continued employment provisions were not incorporated into the VIP and Bold Plan, we decline to address the parties' arguments as to whether those provisions are unconscionable had they formed part of the bonus plans.

4

Vyaire did not "willfully fail" to pay Abed's VIP and Bold Plan bonuses within the meaning of §203(a). It was reasonable for Vyaire to believe that the MIP's continued employment provision was incorporated into the VIP and Bold Plan, and that Abed's bonuses had thus failed to vest. *Cf. Hill v. Walmart Inc.*, 32 F.4th 811, 820–21 (9th Cir. 2022). Nothing in the record suggests that Vyaire acted in "bad faith." *Id*. at 817. Because there is no genuine dispute that Vyaire had a good-faith defense, we reverse the district court on the § 203(a) claim. The imposition of penalties under § 203(a) is unwarranted.

We **AFFIRM** in part, **REVERSE** in part, **VACATE** the judgment, and **REMAND** for the district court to recalculate damages, interest, and attorneys' fees in line with this memorandum disposition.